**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

GREAT AMERICAN INSURANCE COMPANY,

    Plaintiff,

-vs-                Case No.  8:06-cv-1405-T-24TGW

DAVID A. BARRETT, DAVID A. BARRETT &
ASSOCIATES and BARRETT & PELHAM, P.A.,
a Florida Professional Association,

    Defendants.
_____/

## O R D E R

  This cause comes before the Court for consideration of Defendants' Motion to Dismiss for Lack of Venue (Doc. No. 3).  Plaintiff filed a Response thereto (Doc. No. 4).  After careful consideration of the motion and the response, the Court finds that venue in the Middle District of Florida is proper, and Defendants' motion must be denied.

  Plaintiff asserts venue is proper in the Middle District of Florida pursuant to 28 U.S.C. § 1391(a)(1) and (c).  Under § 1391(a)(1), a civil action wherein jurisdiction is founded only on diversity of citizenship may be brought only in a judicial district where any defendant resides, if all defendants reside in the same State.  There is no dispute that all Defendants reside in Florida.  The question then becomes whether any defendant resides in this district.  Plaintiff argues that one or both Defendants David A. Barrett & Associates and Barrett & Pelham, P.A. reside in this district.

  Section 1391(c) states that for purposes of venue:

> a defendant that is a corporation shall be deemed to reside in any
> judicial district in which it is subject to personal jurisdiction at the
> time the action is commenced.  In a State which has more than one
> judicial district and in which a defendant that is a corporation is

>subject to personal jurisdiction at the time an action is commenced, such corporation shall be deemed to reside in any district in that State within which its contacts would be sufficient to subject it to personal jurisdiction if that district were a separate State . . .

28 U.S.C. § 1391(c).[1]

The Court finds that Plaintiff has proffered sufficient minimum contacts with the Middle District of Florida to confer personal jurisdiction over Defendants David A. Barrett & Associates and Barrett & Pelham, P.A. See Plaintiff's Response (Doc. No. 4 at p. 5). Accordingly, the Court finds that Defendants David A. Barrett & Associates and Barrett & Pelham, P.A. reside in the Middle District of Florida for purposes of venue, and venue, therefore, is proper in the Middle District of Florida.

Accordingly, it is **ORDERED AND ADJUDGED** that Defendants' Motion to Dismiss for Lack of Venue (Doc. No. 3) is **DENIED**.

**DONE AND ORDERED** at Tampa, Florida, this 24th day of October, 2006.

SUSAN C. BUCKLEW
United States District Judge

---

[1] Although Defendants David A. Barrett & Associates and Barrett & Pelham, P.A. are not corporations, the same standard applies to these business entities for purposes of venue. See Denver & Rio Grand Western Railroad Co. v. Brotherhood of Railroad Trainmen, 387 U.S. 556 (1967)(ignoring the difference between an unincorporated business entity and a corporation for the purposes of venue).